UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARIA WEISS,<br><br>　　　　　　Plaintiff,<br>　　vs.<br>CITIBANK, N.A.,<br><br>　　　　　　Defendant. | Case No. 3:23-CV-00493-ART-CSD<br><br>ORDER DISMISSING FOR LACK OF PROSECUTION |

　　　Before the Court is Defendant Citibank's motion to dismiss this action for lack of prosecution (ECF No. 40.) Plaintiff commenced this action in October 2023, against Citibank as well as against Experian Information Solutions, Inc. and Equifax Information Services, LLC. (ECF No. 1.) On December 6, 2023, the Court granted the parties' stipulation to arbitrate claims against Citibank and stay said proceedings. (ECF No. 24.) Subsequently, Plaintiff stipulated to dismiss claims against Experian and Equifax with prejudice. (ECF Nos. 33, 35.) Citibank is the only Defendant remaining in this action.

　　　Citibank now moves the Court to dismiss this action for lack of prosecution under Federal Rule of Civil Procedure 41(b). Citibank argues that Plaintiff has failed to demand arbitration, and that it has continuously reached out to Ms. Weiss's counsel and never received a response. Plaintiff did not file a response to Defendant's motion to dismiss. On July 10, 2025, the Court issued an Order to Show Cause, ordering Plaintiff to show cause why this action should not be dismissed for lack of prosecution. (ECF No. 45.) Plaintiff failed to respond to this Order by the set deadline.

　　　When considering dismissal for failure to prosecute, courts must consider the following five factors: "(1) the public's interest in expeditious resolution of

1

litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)). "District judges are best situated to decide when delay in a particular case interferes with docket management and the public interest." *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984).

The first three factors weigh strongly in favor of dismissal. As of the date of this order, the last action Plaintiff took on the docket in this case was filing a notice of change of address on January 6, 2025. (ECF No. 37.) Since then, Plaintiff has not responded to Defendant's Motion to Dismiss (ECF No. 40), filed on March 28, 2025, nor to the Court's Order to Show Cause (ECF No. 45), filed on July 10, 2025. This is unquestionably an unreasonable delay which prejudices Defendants as a matter of law. The public's interest in the expeditious resolution of litigation is impeded by Plaintiff's failure to continue participating in this lawsuit, and the Court's need to manage its docket is thwarted by Plaintiff's failure to prosecute her action. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ("It is incumbent upon the Court to manage its docket without being subject to the routine noncompliance of litigants.")

Regarding the last two factors, while there is a public policy favoring disposition of cases on their merits which weighs in favor of Plaintiff, this is not outweighed by the other factors that compel dismissal. The absence of any response from Plaintiff to Defendant's motion to dismiss for four months, as well as Plaintiff's failure to respond to the Court's Order to Show Cause leaves the Court with no sanction short of dismissal.

It is therefore ordered that Defendant's motion to dismiss for lack of prosecution (ECF No. 40) is GRANTED. Plaintiff's claims against Defendant Citibank, N.A., are DISMISSED WITH PREJUDICE under Rule 41(b).

1    The Clerk of Court is kindly ordered to ENTER JUDGMENT accordingly
2 and CLOSE this case.
3    Dated this 31st day of July, 2025.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE